IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Edmund Tyree, <br><br> Plaintiff, <br><br> vs. <br><br> J. Sanaumi, et al., <br><br> Defendants. | No. CV 04-1953-PCT-FJM(CRP) <br><br> **REPORT AND RECOMMENDATION** |

On September 17, 2004, Plaintiff, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his rights during his stay at the Mohave County Jail in Kingman, Arizona. (Docket 1).

**FAILURE TO SERVE**

On September 29, 2004, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on October 19, 2004. (Docket 4). The docket indicates the Clerk of the Court mailed the service packets to Plaintiff on September 29, 2004. The docket further indicates that the service packets, completed by Plaintiff, were received by the Court on October 18, 2004. The docket then indicates that all four summons were returned unexecuted on November 4, 2004. (Docket 5-8).

1    On March 3, 2005, the Court directed the United States Marshal to take adequate
2 measures to personally effect service on each of the four defendants. (Docket 9).  On April
3 13, 2005, summons were returned unexecuted as to defendants Frank Brown, Margerat Doe,
4 and Jennifer Doe. (Docket 12-14).  The summons was returned executed as to defendant J.
5 Sanaumi. (Docket 15).  The Complaint was later dimissed as to defendant J. Sanaumi for
6 insufficiency of service of process. (Docket 18).  To date the remaining three defendants
7 have not been served.

8    The Court's September 29, 2004 Order notified Plaintiff that failure to comply with
9 every provision of the order would result in dismissal pursuant to Rule 41(b) of the Federal
10 Rules of Civil Procedure. (Docket 4).  Plaintiff was notified within the order that he must
11 complete service of the Summons and Complaint on the Defendants within 120 days of the
12 filing date of the complaint or within 60 days of the filing of the order, whichever was later.
13 (*Id.*).  The order notified Plaintiff that failure to comply with the provisions of the order
14 would result in dismissal of his case.  (*Id.*).

15 **FAILURE TO PROSECUTE**

16    Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co.*
17 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to
18 complete service of the Summons and Complaint on the Defendants within 120 days of the
19 filing date of the complaint or within 60 days of the filing of the order constitutes failure to
20 prosecute.

21    Plaintiff was warned that his failure to acquire a waiver of service from Defendants
22 or to complete service of process on Defendant within 120 days of the date he filed his
23 complaint, or 60 days from the filing date of that order would result in the dismissal of the
24 complaint.  The civil docket in this matter indicates that Plaintiff has failed to acquire a
25 waiver of service from Defendants or to complete service of process on Defendants well
26 beyond both of these deadlines.

27 . . . . . . . . .

28

1       Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
2 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
3 move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31
4 (1962), the Supreme Court recognized that a federal district court has the inherent power to
5 dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)
6 of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,
7 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
8 without notice or hearing.  *Id.* at 633.

9       In determining whether Plaintiff's failure to prosecute warrants dismissal of his case,
10 the Court must weigh the following five factors: "(1) the public's interest in expeditious
11 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
12 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
13 availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*,
14 779 F.2d 1421, 1423 (9th Cir.1986).  "The first two of these factors favor the imposition of
15 sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus
16 the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910
17 F.2d 652, 656 (9th Cir.1990).

18       Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure
19 to serve Defendants, or to actively participate in this case prevents the case from proceeding
20 in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth
21 factor requires the Court to consider whether a less drastic alternative is available.

22       The Court finds that only one less drastic sanction is realistically available.  Rule
23 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
24 merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,
25 a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
26 be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
27 Procedure.

28

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court Judge dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Procedure for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 04-1953-PCT-FJM.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.)(*en banc*), *cert. denied*, 540 U.S. 900 (2003).

DATED this 23rd day of May, 2006.

*/s/ Charles R. Pyle*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE